Jacob J. DOUGAN, Jr., and all other persons who are presently and will be in the future incarcerated on death row at Florida State Prison, Plaintiffs–Appellees,

v.

Harry K. SINGLETARY, Jr., individually and in his official capacity, Clayton G. Strickland, individually and in his official capacity as Superintendent of Florida State Prison at Starke, Defendants–Appellants.

No. 93–2008.

United States Court of Appeals, Eleventh Circuit.

Dec. 1, 1997.

Joe Belitzky, Charlie McCoy, Assistant Attorney Generals, Department of Legal Affairs, Tallahassee, FL, for Defendants–Appellants.

William J. Sheppard, D. Gray Thomas, Sheppard & White, P.A., Jacksonville, FL, for Plaintiffs–Appellees.

Before COX, Circuit Judge, and CLARK and WOOD *, Senior Circuit Judges.

PER CURIAM:

We address in this appeal the constitutionality of 18 U.S.C.A. § 3626(b)(2), which requires termination of existing prison-litigation consent decrees that do not satisfy its standards. We conclude that the statute withstands the constitutional challenges presented.

## 1. BACKGROUND

Seeking more outdoor exercise, Florida death row inmates sued prison officials in 1981. A class was certified, and in 1983 the district court approved a consent decree directing the officials to provide two two-hour exercise sessions per week, weather permitting. Several years later, the court found the prison officials in contempt for violating the decree and entered a highly detailed remedial order that leaves the prison officials far less discretion in deciding when inmates may exercise. The prison officials appealed, contending that the remedial order went too far.

While the appeal was pending, the Prisoner Litigation Reform Act (PLRA), which includes 18 U.S.C.A. § 3626, became law. Section 3626(b)(2) requires a court to terminate "prospective relief," which includes existing consent decrees,[1] if the relief was not awarded or approved based on a finding that the relief was "narrowly drawn, extends no further than necessary to correct the violation of the Federal right [claimed to have been violated], and is the least intrusive means necessary to correct the violation of the Federal right."[2] The court may not terminate the relief, however, if the court finds that the relief satisfies these three conditions at the time of the motion to terminate.[3]

Pursuant to § 3626(b)(2), the prison officials moved this court to terminate the consent decree. This court remanded the action to the district court to rule on the motion. The district court denied the motion, concluding that § 3626(b)(2) is unconstitutional. The prison officials have now raised the propriety of that ruling as an issue in this appeal, and the parties have submitted supplemental briefs.

In support of the district court's ruling, the inmates contend that because § 3626(b)(2)

---

\* Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. *See* 18 U.S.C.A. § 3626(g)(7), (9) (West Supp. 1997).

2. *Id.* § 3626(b)(2).

3. *Id.* § 3626(b)(3).

limits the enforcement of a final judgment, the statute violates the separation-of-powers doctrine inherent in the Constitution. They further assert that § 3626(b)(2) compromises their due process and equal protection rights. The prison officials, and the United States intervening under Fed. R.App. P. 44, counter that consent decrees are not, for these purposes, final judgments because they can be amended as equity requires. They further respond the statute violates neither due process nor equal protection rights.

### 2. DISCUSSION

#### a. *Constitutionality of § 3626(b)(2)*

▇▇▇ We join two other courts of appeal and hold that § 3626(b)(2)'s termination provision is constitutional.[4] The inmates' first challenge to the statute rests on the separation-of-powers doctrine implicit in Article III. Among other prohibitions, that doctrine forbids legislation that "command[s] the federal courts to reopen final judgments."[5] The PLRA does not run afoul of that prohibition.

▇▇▇ The consent decrees that the PLRA requires courts to review under the statute's more stringent standards are not final judgments for separation-of-powers purposes. As the Court explained in *Plaut v. Spendthrift Farm, Inc.*, a true "final judgment" here means not an appealable judgment, but one that represents the "last word of the judicial department with regard to a particular case or controversy."[6] Consent decrees are final judgments,[7] but not the "last word of the judicial department." District courts retain jurisdiction over such decrees not only to ensure compliance, but also to amend them as significant changes in law and fact require.[8] *Plaut* invalidated a statute that resurrected claims that had been dismissed with prejudice on statute-of-limitations grounds, a judgment that can be modified under only the most extraordinary circumstances; § 3626(b)(2)'s effect on comparatively adaptable consent decrees is distinguishable. The PLRA's termination provision thus does not undermine the finality of a final judgment in the separation-of-powers sense.[9] The provision accordingly does not violate the separation-of-powers doctrine as contended.[10]

▇▇▇ The inmates challenge § 3626(b)(2)'s constitutionality on two other grounds. First, they contend that the statute impermissibly reopens a final judgment, in violation of the Due Process Clause of the Fifth Amendment.[11] As the other courts of appeals addressing this issue have pointed out, this due process argument fails because a consent decree, unlike other final judgments, does not give rise to any vested rights.[12] The reason is that a decree, unlike

---

4.  *Gavin v. Branstad,* 122 F.3d 1081, 1085–87 (8th Cir.1997); *Plyler v. Moore,* 100 F.3d 365, 370–72 (4th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 2460, 138 L.Ed.2d 217 (1997). *Benjamin v. Jacobson,* 124 F.3d 162 (2d Cir.1997), also holds § 3626(b) constitutional as applied to consent decrees, but does so by construing the subsection to limit federal jurisdiction to enforce consent decrees rather than to terminate the decrees. *Benjamin* relies on the statute's arguably imprecise use of the word "relief," *id.* at 167, but it does not take into account the use of the word "terminate" to describe the remedy available under the section. We decline to follow the Second Circuit's interpretation.

5.  *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 219, 115 S.Ct. 1447, 1453, 131 L.Ed.2d 328 (1995).

6.  *Id.* at 227, 115 S.Ct. at 1457.

7.  *Rufo v. Inmates of the Suffolk County Jail,* 502 U.S. 367, 392, 112 S.Ct. 748, 764, 116 L.Ed.2d 867 (1992).

8.  *Id.* at 384, 112 S.Ct. at 760.

9.  *See Gavin v. Branstad,* 122 F.3d 1081, 1088 (8th Cir.1997); *Plyler v. Moore,* 100 F.3d 365, 371 (4th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 2460, 138 L.Ed.2d 217 (1997).

10.  The inmates have not argued that § 3626(b)(2) violates the principle of *United States v. Klein,* 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1872), by legislating the outcome of a particular class of cases. We therefore do not address the argument, but note that other courts of appeals have rejected it. *Gavin,* 122 F.3d at 1089; *Plyler,* 100 F.3d at 372.

11.  *See McCullough v. Virginia,* 172 U.S. 102, 123–24, 19 S.Ct. 134, 142, 43 L.Ed. 382 (1898).

12.  *Gavin,* 122 F.3d at 1091; *Plyler,* 100 F.3d at 374–75.

a money judgment, is subject to later adaptation to changing conditions. Legislative modification of the law governing the decree thus does not impermissibly divest the inmates of any vested rights.[13]

Second, the inmates assert that the termination provision violates the equal protection dimension of the Fifth Amendment's Due Process Clause. Here, the inmates advance a two-tiered argument. The first is that the PLRA *as a whole* burdens their fundamental right to access to the courts, and thus merits strict scrutiny.[14] We reject the inmates' invitation to evaluate the effect of the whole statute on court access; the whole statute's constitutionality is not before the court.[15] The termination provision, considered alone, does not deny inmates "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."[16] Rather, it restricts the relief that an inmate may receive once he gets to court.[17] Because § 3626(b)(2) does not infringe any identified fundamental right, equal protection analysis requires only rational basis review.[18] Here the inmates raise their second argument: the PLRA discriminates against prisoners and is not rationally related to a legitimate government interest. Not so. The PLRA's termination provision does discriminate against prisoners (because other litigants need not relitigate consent decrees), but by restricting judicial discretion to remedy constitutional violations it could reasonably be said to advance the unquestionably legitimate end of minimizing prison operation by judges.[19] The provision therefore satisfies the demands of the Fifth Amendment's equal protection doctrine.

The inmates have thus pointed to no constitutional provision that the PLRA's termination provision violates. We accordingly conclude that § 3626(b)(2) is constitutional.

### b. *The Remedial Order*

The original issues in this appeal concerned whether the district court's remedial order went too far. Any resolution of those issues would be of questionable value, because § 3626(b)(2) and the prison officials' motion to terminate requires the district court to revisit on remand the propriety of the consent decree and the remedial order. We therefore decline to consider the issues originally presented and leave it for the district court to reconsider the consent decree and remedial order in accordance with the PLRA.

### 3. CONCLUSION

For the foregoing reasons, we VACATE the district court's denial of the motion to terminate. The action is REMANDED without limitation for further proceedings consistent with this opinion and the PLRA.

**VACATED and REMANDED.**

---

13. *Gavin*, 122 F.3d at 1091; *Plyler*, 100 F.3d at 374–75; *see Fleming v. Rhodes*, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368 (1947); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 272–74, 114 S.Ct. 1483, 1501, 128 L.Ed.2d 229 (1994) ("When the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive."); *American Steel Foundries v. Tri–City Cent. Trades Council*, 257 U.S. 184, 201, 42 S.Ct. 72, 75, 66 L.Ed. 189 (1921) (no vested right in decree subject to review).

14. *See, e.g., Romer v. Evans*, —— U.S. ——, ——, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996) (explaining equal protection review levels).

15. Contrary to the inmates' suggestion, *Romer* does not prohibit this court from upholding one section of the statute against an equal protection challenge without addressing the constitutionality of the whole statute. *Romer* was a facial challenge to an entire provision in a state constitution, and the *Romer* Court naturally considered the whole provision. *See id.* at ——, 116 S.Ct. at 1623. The opinion does not, therefore, imply that piecemeal review is inappropriate for a piecemeal challenge.

16. *Lewis v. Casey*, —— U.S. ——, ——, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996).

17. *Plyler*, 100 F.3d at 373.

18. *Romer*, —— U.S. at ——, 116 S.Ct. at 1627.

19. *See Lewis*, —— U.S. at ——, 116 S.Ct. at 2179 ("[I]t is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.")