**Everett HADIX, et al., Plaintiffs–Appellees,**

v.

**Perry M. JOHNSON, et al., Defendants–Appellants (96–2463),**

**United States of America, Intervenor–Appellant (96–2582).**

Nos. 96–2463, 96–2582.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1997.

Decided Jan. 13, 1998.

Patricia A. Streeter (briefed), Detroit, Michigan, Deborah A. LaBelle (briefed), Law Offices of Deborah LaBelle, Ann Arbor, MI, Michael Barnhart (argued and briefed), Detroit, Michigan, for Everett Hadix in Docket No. 96–2463.

Susan Przekop–Shaw (argued and briefed), Office of the Attorney General, Corrections Division, Lansing, Michigan, for Perry M. Johnson in Docket No. 96–2463.

Deborah A. LaBelle, Law Offices of Deborah LaBelle, Ann Arbor, MI, Michael Barn-

hart (argued and briefed), Detroit, MI, for Everett Hadix in Docket No. 96–2582.

Leo H. Friedman, Office of the Attorney General, Corrections Division, Lansing, MI, for Perry M. Johnson in Docket No. 96–2582.

David K. Flynn (briefed), Marie K. McElderry (argued and briefed), U.S. Department of Justice, Civil Rights Division, Washington, DC, Margo Schlanger, Department of Justice, Civil Rights Division, Washington, DC, Steven H. Rosenbaum, U.S. Department of Justice, Civil Rights Div.-Special Litigation, Washington, DC, for United States of America in Docket No. 96–2582.

Before: GUY, NELSON, and DAUGHTREY, Circuit Judges.

## OPINION

PER CURIAM.

This is a prisoner civil rights case in which the defendants challenge the district court's denial of their motion to terminate injunctive relief. The motion was filed pursuant to Section 802 of the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321–66 (1996) (codified in relevant part at 18 U.S.C. § 3626). The challenged relief is contained in a consent decree that was previously entered in the case. The district court found that the termination provisions of the Prison Litigation Reform Act, 18 U.S.C. § 3626(b)(2)-(3), violate the doctrine of separation of powers and are unconstitutional. Accordingly, the court denied defendants' motion to terminate. The United States intervened in the matter pursuant to 28 U.S.C. § 2403. Because we conclude the provisions do not violate separation-of-powers doctrine, we reverse and remand for consideration of the merits of defendants' motion.

### I.

In 1980, plaintiffs, inmates at the State Prison of Southern Michigan, Central Complex, brought a class action pursuant to 42 U.S.C. § 1983 against various state prison officials. The inmates alleged unconstitutional conditions of confinement. In 1985, a consent decree was entered between the par-

ties and approved by the court addressing various aspects of prison life, including safety, sanitation, hygiene, and protection from harm. The State did not admit liability. Over the years, the district court has issued several remedial orders, some of which also have come before this court on appeal.

In 1996, the Prison Litigation Reform Act (PLRA or Act) became law. The PLRA was designed to reduce judicial involvement in prison administration. To that end, it entitled defendants in prison condition lawsuits to

> immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2). The Act further provides, however, that "[p]rospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." *Id.* § 3626(b)(3).[1] Accordingly, defendants moved to terminate the consent decree. They also invoked the Act's automatic stay provision, which provided that any prospective relief subject to a pending motion shall be stayed beginning 30 days after the motion to terminate is filed. *Id.* § 3626(e)(2)(A)(i).[2] The district court, in an order dated July 5, 1996, held that the automatic stay provision was unconstitutional. That ruling is currently on appeal in *Hadix v. Johnson,* No. 96–1943 (6th Cir. filed Aug. 5, 1996). On September 19, 1996, the Sixth Circuit issued an order granting defendants' motion seeking a stay of certain relief under the consent decree pending appeal of the automatic stay decision. On November 1, 1996, the district court denied defendants' motion to terminate on separation-of-powers grounds. *Hadix v. Johnson,* 947 F.Supp. 1100 (E.D.Mich.1996). Defendants now appeal.

## II.

■ We consider whether the immediate termination provisions of the PLRA, 18 U.S.C. § 3626(b)(2)-(3), violate the separation-of-powers doctrine. We review such a question of law under a de novo standard of review. *See, e.g., Long v. Norris,* 929 F.2d 1111, 1114 (6th Cir.1991).

The district court concluded that the provisions violated the separation-of-powers doctrine in two ways. First, the court found that the Act required courts to reopen a final judgment in violation of the rule that Congress may not interfere with judgments of Article III courts. *See Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 218, 115 S.Ct. 1447, 1452–53, 131 L.Ed.2d 328 (1995). Second, it opined that the provisions mandate the result in a particular case. *See United States v. Klein,* 80 U.S. (13 Wall.) 128, 146–47, 20 L.Ed. 519 (1871). We consider these issues in turn.

### A. Reopening of a Final Judgment

■ Defendants contend that the district court erred in ruling that the PLRA termination provisions impermissibly reopen a final judgment. Several circuits have examined this issue and have found that the provisions do not require such a reopening; rather, they merely alter the prospective application of orders requiring injunctive relief. *See, e.g., Dougan v. Singletary,* 129 F.3d 1424, 1426–27 (11th Cir.1997) (district courts retain jurisdiction to amend consent decrees as significant changes in law and fact require); *Inmates of Suffolk County*

---

1. The phrase "current or ongoing violation" was recently amended to provide "current and ongoing violation." Department of Justice Appropriations Act, 1998, Pub.L. No. 105–119, § 123(a)(2), 111 Stat. 2440, 2470 (1997). The amendment is not material, however, for purposes of this appeal.

2. That provision has subsequently been amended to permit postponement of the effective date of an automatic stay by 60 days for good cause. § 123(a)(3)(C), 111 Stat. at 2470.

*Jail v. Rouse,* 129 F.3d 649, 656–57 (1st Cir.1997) (consent decrees mandating forward-looking injunctions are final judgments subject to revision to the extent required by equity); *Benjamin v. Jacobson,* 124 F.3d 162, 173 (2d Cir.1997) (termination provision merely limits remedial jurisdiction of federal courts); *Gavin v. Branstad,* 122 F.3d 1081, 1087 (8th Cir.1997) (consent decree is an executory form of relief that remains subject to later developments); *Plyler v. Moore,* 100 F.3d 365, 371 (4th Cir. 1996) (judgment providing for injunctive relief remains subject to subsequent changes in the law). We agree with these courts and adopt their analysis in concluding that the prospective equitable relief contained in the *Hadix* consent decree remains subject to subsequent changes in the law. Although the parties entered into a consent decree containing provisions for prospective relief, that does not mean they are guaranteed that implementation of the decree will proceed undisturbed by legislative action.

**B. Prescribing a Rule of Decision**

 Defendants also challenge the district court's determination that the termination provision in effect prescribes a rule of decision by attempting to rescind the consent decree. Again, several circuits have rejected this view. *See Inmates,* 129 F.3d at 657–58; *Benjamin,* 124 F.3d at 174; *Gavin,* 122 F.3d at 1089; *Plyler,* 100 F.3d at 372. We agree with these courts and conclude that the termination provision only prescribes the standard for authorizing a remedy in any given case. It does not dictate the result a court must reach in determining whether relief is warranted. The interpretation and application of law to fact and the ultimate resolution

of prison condition cases remain at all times with the judiciary. Accordingly, the district court erred in holding that the PLRA's termination provisions violate the separation-of-powers doctrine, and therefore we remand the matter for consideration of the merits of defendants' motion to terminate.[3]

**REVERSED and REMANDED** for further proceedings in accordance with this opinion.

---

3. The district court held the PLRA's immediate termination provisions unconstitutional solely on separation-of-powers grounds. Plaintiffs, however, also challenged these provisions on due process and equal protection grounds. The First, Second, Eighth, and Eleventh Circuits have all rejected these grounds as well in upholding the constitutionality of the termination provision. *See Dougan,* 129 F.3d at 1426–27; *Inmates,* 129 F.3d at 657–61; *Benjamin,* 124 F.3d at 174–76; *Gavin,* 122 F.3d at 1089–92. Were these grounds before us, we would similarly reject them. A consent decree in which the relief is provided subject to future modification cannot

create a vested property right in that relief for due process purposes. *See generally Landgraf v. USI Film Prods.,* 511 U.S. 244, 274, 114 S.Ct. 1483, 1501–02, 128 L.Ed.2d 229 (1994) (injunctions operate prospectively and litigants have no vested rights in them). In addition, as the other circuits have held, the immediate termination provisions of the PLRA do not target a suspect class or burden a fundamental right. Applying rational-basis scrutiny, we find the statute is rationally-related to the legitimate state interest of curbing judicial involvement in prison administration.