**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

2BD ASSOCIATES LIMITED
PARTNERSHIP; A. JOHN BRISCUSO,
<u>Plaintiffs-Appellants,</u>

v.

COUNTY COMMISSIONERS FOR QUEEN
ANNE'S COUNTY; WILLIAM V. RIGGS,
III, President, County
Commissioners for Queen Anne's
County; ARCHIBALD A.
MACGLASHAN, III, Vice-President,
County Commissioners for Queen
Anne's County; OSCAR A. SCHULZ,          No. 98-1014
Commissioner, County
Commissioners for Queen Anne's
County,
<u>Defendants-Appellees,</u>

and

MARION R. LEAVERTON, Chairman,
Board of Appeals for Queen Anne's
County; MICHAEL R. FOSTER,
Counsel to the Board of Appeals for
Queen Anne's County,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-94-898-S)

Argued: June 2, 1998

Decided: September 2, 1998

Before WIDENER, MURNAGHAN, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Warren K. Rich, RICH & HENDERSON, P.C., Annapolis, Maryland, for Appellants. Richard Timothy Colaresi, NORTHROP, WALSH, BECKER, COLARESI & SPEARS, Bowie, Maryland, for Appellees. **ON BRIEF:** William D. Evans, Jr., RICH & HENDERSON, P.C., Annapolis, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

2BD Associates Limited Partnership and A. John Briscuso (Appellants), appeal the district court's grant of summary judgment in a lawsuit they brought against the County Commissioners of Queen Anne's County and three of its individual Commissioners (Appellees), after being denied approval for the construction of a travel plaza. Finding no error in the district court's judgment, we affirm.

I.

Appellants are real estate developers who own three contiguous lots, totaling 15.7 acres, located in Queen Anne's County, Maryland. In December 1991, Appellants submitted to the County Department

of Planning and Zoning a proposal to build a truck stop/travel plaza on the three lots. Pursuant to that plan, Appellants requested a County variance for the fill of wetlands located on the property.

Over the next several months, neighborhood citizens and various members of the County Commission expressed concern over the Appellants' proposal. Among the issues raised were the travel plaza's impact on wetlands and traffic congestion, and the danger of fuel spills and other pollution. In April of 1993, Appellants attended a meeting, at the urging of the Commission, to address these and other citizen concerns. Numerous citizens voiced opposition to the proposal. Following the meeting, Commissioner Oscar Schulz was allegedly overheard to say that the Commission would defeat the travel plaza by refusing approval for sewer services. In a later conversation, Commissioner Schulz allegedly explained that his opposition to the proposal was based on his fear that it would hurt business at his nearby restaurant.

In early September 1993, the County Board of Appeals held a hearing and unanimously voted to deny the Appellants' request for a wetlands variance.[1] A short time later, the Commission unanimously adopted Ordinance 93-02, which restricts the placement of truck stops and travel plazas to suburban industrial parcels greater than 25 acres and located at least 200 feet from any residential area. Following passage of the ordinance, the County's Planning and Zoning Department informed Appellants that their proposal was denied.

Appellants brought suit against the Appellees in the United States District Court for the District of Maryland, alleging violations of the Equal Protection and Due Process Clauses; a temporary taking in violation of the Fifth and Fourteenth Amendments; an unconstitutional exercise of police power; and tortious interference with business relations in violation of state law. Appellants also alleged that the County's refusal to allow the proposed development was barred by the doctrine of zoning estoppel.

_____

[1] Appellants appealed that decision to the Circuit Court for Queen Anne's County.

3

The Commissioners filed a motion for abstention, or in the alternative, for dismissal, which was ultimately converted to a motion for summary judgment. Following discovery, the district court issued a decision and order dismissing the takings claim; granting summary judgment to the Commissioners on the equal protection claim; abstaining from the remaining federal claims; and declining to exercise supplemental jurisdiction over the state law claim.

Appellants filed a notice of appeal with this Court on September 20, 1995. At oral argument, both parties were apparently surprised by the Supreme Court's recent decision in Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996), which narrowed the application of abstention to cases involving equitable or discretionary relief. In a per curiam opinion, we vacated the district court's order and remanded for reconsideration of the entire decision, "especially including any effect thereupon had by Quackenbush." 2BD Assocs. Ltd. Partnership v. County Commissioners for Queen Anne's County, No. 95-2763 (4th Cir. June 24, 1996). We took no position on the merits of the Appellants' claims.

Following remand, the district court ordered full discovery and the parties filed competing motions for summary judgment. The district court granted summary judgment to the Commissioners on all federal claims, and declined to exercise supplemental jurisdiction over the state law claim. This appeal followed.

II.

Appellants contend that the district court on remand failed to comply with our order to reconsider its entire decision. They ask that we remand the case, once again, for reconsideration.

We decline to do so. Aside from conclusory statements about the district court's failure to comply, Appellants have offered no reason to believe that the district court ignored our instructions to reconsider its decision. Moreover, our reading of the district court's opinion convinces us that due consideration was given to all issues. We, therefore, find it unnecessary to remand the case for reconsideration.

4

III.

Appellants next maintain that the district court erred in granting summary judgment on their claim that the Commissioners' enactment of Ordinance 93-02 violated their rights under the Equal Protection Clause. They contend the ordinance unfairly discriminates against those wishing to develop truck stops and travel plazas.

We review de novo the district court's decision to grant summary judgment. See M & M Med. Supplies & Servs., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992) (en banc). Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See M & M, 981 F.2d at 162-63.

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The thrust of the Equal Protection Clause is to "require[ ] that the states apply each law, within its scope, equally to persons similarly situated, and that any differences of application must be justified by the law's purpose." Sylvia Development Corp. v. Calvert County, 48 F.3d 810, 818 (4th Cir. 1995).

To assess the merits of the Appellants' claim, we apply a familiar analysis, most recently summarized in Sylvia, 48 F.3d at 819-20. Pursuant to that analysis, we ask first whether the government has created a classification that singles out a particular group of individuals for unique treatment under the law.[2] See id. at 819. Once such a classification has been identified, the next step is to analyze the government's action according to the appropriate degree of scrutiny. See id. at 820. Where, as here, there is no contention that the government has burdened a fundamental right or employed a suspect classification, we apply so-called rational basis scrutiny, which presumes the legislation is valid so long as "the classification . . . is rationally related to a legitimate state interest." City of Cleburne v. Cleburne Living Ctr., Inc.,

_____

[2] Such a classification may appear on the face of the legislation or may be demonstrated by the plaintiff to have been intentionally utilized in the government's administration of the law. See Sylvia, 48 F.3d at 819.

5

473 U.S. 432, 440 (1985) (citations omitted); see Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal , 135 F.3d 275, 290 (4th Cir. 1998) (citations omitted). The legislation must be sustained "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." International Science & Tech. Inst. v. INACOM Communications, Inc., 106 F.3d 1146, 1157 (4th Cir. 1997) (quoting Thomasson v. Perry, 80 F.3d 915, 928 (4th Cir. 1996)).

In the present case, we may assume, without deciding, that Ordinance 93-02 contains a facial classification, for we agree with the district court that the ordinance easily passes muster under rational basis scrutiny. The County's expressed interests in regulating traffic and preventing pollution are clearly legitimate governmental purposes, and the ordinance, which regulates the location and aesthetics of travel plazas, is rationally related to those goals. Because no reasonable jury could find otherwise on the record presented, the district court did not err in granting summary judgment to the Commissioners.

Appellants attempt to rescue their claim by arguing that the real purpose behind passage of the ordinance was to placate angry voters and to further the private business interests of Commissioner Schulz. However, it is well-established in Supreme Court case law and the decisions of this Court that the actual motivation of the legislature is "constitutionally irrelevant" to the equal protection inquiry, United States R.R. Retirement Bd. v. Fritz, 449 U.S. 166, 179 (1980) (quoting Fleming v. Nestor, 363 U.S. 603, 612 (1960)), since the sole question facing the court is whether the legislation is justified by "plausible reasons," id.; see Plyer v. Moore, 100 F.3d 365, 374 (4th Cir. 1996) ("Once we have determined that there exists a plausible reason for the [legislature's] action -- and regardless of whether that reasoning actually motivated [the legislature] -- our inquiry is at an end.") (emphasis added).

In any event, Appellants have pointed to no authority, and we are aware of none, holding a legislative act unconstitutional merely because it was taken in response to constituent pressure or because a single legislator was motivated by illegitimate considerations. We,

6

therefore, agree with the district court that summary judgment was appropriate.

IV.

Appellants challenge the district court's grant of summary judgment on their due process claims, which alleged that the Commissioners denied them both substantive and procedural due process during the permit and variance application processes.

To establish a violation of substantive or procedural due process, Appellants must demonstrate, among other things, that they enjoy a protected property interest. See Plyer, 100 F.3d at 374; Sylvia, 48 F.3d at 826, 827. Appellants argue that their expectation for making valuable use of their property constitutes such an interest. However, it is well-established that "[a] property interest requires more than a unilateral expectation' that a permit or license will be issued . . . ." Biser v. Town of Bel Air, 991 F.2d 100, 104 (4th Cir. 1993) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). The plaintiff must demonstrate a "legitimate claim of entitlement." Id. (quoting Roth, 408 U.S. at 577). Thus, in Biser, we rejected the plaintiff's due process claim -- arising from the city's denial of authorization for a proposed development -- where local zoning ordinances gave the city broad discretion to decide whether or not to grant a variance by considering, among other things, whether it "would adversely affect the public health [and] safety . . . ." Id. at 104 ("[I]f a local agency has [a]ny significant discretion' in determining whether a permit should issue, then a claimant has no legitimate entitlement and, hence, no cognizable property interest.") (citation omitted).

The same is true in the case at bar. Appellants concede that under County zoning ordinances they are entitled to develop their property only after obtaining, among other things, a variance to allow the filling of wetlands. The County Board of Appeals is given broad discretion to grant variances only if it concludes that the condition is "peculiar to the property" and is not the result of any action taken by the applicant. A variance is to be granted only if it is in the "public interest" and if refusal of the variance would result in "unnecessary hardship" to the property owner. In light of that broad discretion and our holding in Biser, we agree with the district court that Appellants

7

have no cognizable property interest for purposes of the Due Process Clause.

V.

Appellants' final contention is that the district court erred in refusing to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over their state law claim after granting summary judgment on the federal claims. We review the district court's decision to dismiss the claim for an abuse of discretion. See Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 203 (4th Cir. 1997) (citation omitted).

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction . . . ." In United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," id. at 726. In light of those interests, the Court explicitly stated that "if the federal law claims are dismissed before trial . . . the state claims should be dismissed as well." Id. On the basis of that authority, we cannot say the district court abused its discretion in declining to exercise supplemental jurisdiction. See Shanaghan v. Cahill , 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.").

The judgment of the district court is, therefore,

AFFIRMED.

8