UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4081

KEVIN E. GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-467-A)

Submitted: September 22, 1998

Decided: November 2, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Jonathan R. Barr, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin E. Green was charged with reentering a military installation (Count I), unlawful stalking (Count II), disregarding the signal of a law enforcement officer (Count III), reckless driving (Count IV), operating on a revoked permit (Count V), and degradation of government property (Count VI). Green moved to dismiss all charges under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994) (the "Act"), and argued that the Act violated the Equal Protection Clause of the Fifth Amendment because it unconstitutionally created two classes of defendants. Specifically, the Speedy Trial Act expressly excludes petty offense prosecutions involving Class B and Class C misdemeanors from the Act's seventy-day time limit for commencement of trial. See 18 U.S.C. § 3172(2). The magistrate judge dismissed without prejudice the Class A misdemeanors (Counts III, IV and VI) because the trial was not timely commenced under the Act, but denied the motion to dismiss on the Class B misdemeanors (Counts I, II, and V). Green pled guilty to Count I, preserving his right to challenge the constitutionality of the Act on appeal. Counts II and V were dismissed. The district court denied relief, finding the Act constitutional under either strict scrutiny review or rational basis review.

Green timely noted an appeal from the district court's order. He contends that § 3172 unconstitutionally exempts Class B and Class C misdemeanors and infractions from the speedy trial protections of 18 U.S.C. § 3161(c)(1), in violation of the Equal Protection Clause. Thus, he contends that his conviction on Count I was obtained in violation of his statutory right to a speedy trial.*

We review the district court's legal conclusions de novo. See

_____

*Green does not contend that he was denied his Sixth Amendment right to a speedy trial.

2

United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, 517 U.S. 1239 (1996). When a statute is challenged on equal protection grounds, we "generally will presume the legislation at issue to be valid and will uphold the statute if the classification it draws is rationally related to a legitimate purpose." Plyler v. Moore, 100 F.3d 365, 373 (4th Cir. 1996), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3825 (U.S. June 16, 1997) (No. 96-8596) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985)).

As the district court recognized, the Act classifies defendants differently based on whether the charges against them are serious or petty. Defendants charged with serious crimes are entitled to trial within the statutory period, while those charged with petty crimes are not afforded a statutory time limit. This classification is based on the severity of the defendant's conduct and not, as Green asserts, on a fundamental right (namely, the right to a speedy trial). The decision to treat differently those who have acted differently surely cannot be considered a suspect classification. Finally, statutes that neither burden a fundamental right nor employ a suspect class are presumed valid and "`must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" Id. (quoting FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)). Once this court determines "that there exists a plausible reason for the congressional action--and regardless of whether that reasoning actually motivated Congress-- our inquiry is at an end." Moore, 100 F.3d at 373 (citing United States R.R. Retirement Bd. v. Fritz, 449 U.S. 166, 179 (1980)). Congress has a legitimate interest in ensuring the efficient operation of the federal courts and preserving federal resources for more serious civil and criminal matters. Thus, because there is a plausible reason for the classification, the Speedy Trial Act does not violate the Equal Protection Clause.

We affirm Green's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3