PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/23/99
THOMAS  K. KAHN
CLERK

_____

No. 97-6818

_____

D. C. Docket No. CV-86-V-461-N

JACKIE NICHOLS, CAROL REGISTER, et al.,

Plaintiffs-Appellants,

versus

JOE S. HOPPER, Commissioner, Alabama
Department of Corrections; WAYNE TEAGUE,
Superintendent, Alabama Board of Education,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 23, 1999)**

Before BIRCH and BARKETT, Circuit Judges, and ALAIMO*, Senior District Judge.

_____

*Honorable Anthony A. Alaimo, Senior U.S. District Judge for the Southern District of Georgia, sitting by designation.

BIRCH, Circuit Judge:

In this case, we consider whether the immediate termination provisions of the Prison Litigation Reform Act ("PLRA"), codified at 18 U.S.C. § 3626(b), violate the separation of powers doctrine as articulated in United States v. Klein, 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871).

## I.   BACKGROUND

On October 5, 1987, the district court entered a consent order, agreed upon by the parties, concerning the conditions of confinement at the Julia Tutwiler Prison for Women in Wetumpka, Alabama.  The consent order remained in effect until the Attorney General of Alabama and the Alabama Department of Corrections filed a motion to terminate the order on July 2, 1997, pursuant to the immediate termination provision of the PLRA which provides:

> **Immediate termination of prospective relief**. – In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2). The district court granted the motion to terminate. On appeal, appellants challenge the constitutionality of section 3626(b)(2), arguing that the statute violates the separation of powers doctrine.[1]

We addressed several constitutional issues concerning section 3626(b)(2) in Dougan v. Singletary, 129 F.3d 1424 (11th Cir. 1997) (per curiam), cert. denied, ___ U.S. ___, 118 S. Ct. 2375, 141 L.Ed.2d 743 (1998). In Dougan, we held that the termination provision did not violate the Fifth Amendment's Due Process Clause, id. at 1426-27; did not violate the equal protection component of the Fifth Amendment, id. at 1427; and did not violate the separation of powers doctrine, id. at 1426. Our separation of powers analysis, however, concerned only the aspect of the doctrine that forbids legislation that "command[s] the federal courts to reopen final judgments." See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 219, 115 S. Ct. 1447, 1453, 131 L.Ed.2d 328 (1995). We upheld the statute in light of this particular separation of powers challenge, finding that a consent decree "does not undermine the finality of a final judgment in the separation of powers sense." Dougan, 129 F.3d at 1426. We specifically left open, however, the rules of decision aspect of the separation of powers doctrine as articulated in United States

---

[1] We note that appellants do not challenge the Attorney General's assertion that the consent order contained no findings concerning the scope of the consent decree. Appellants instead attack only the constitutionality of the statute itself.

v. Klein, 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871). See Dougan, 129 F.3d at 1426 n.10.

The appellants here posit two arguments based on the separation of powers doctrine not considered in Dougan.[2] First, they allege that the PLRA's termination provisions impose a rule of decision for pending cases in violation of Klein. Second, the appellants argue that the PLRA violates Article III of the United States Constitution by depriving the courts of their authority to fashion effective relief in constitutional cases involving prison inmates. We review questions of constitutional law de novo. Pleasant-El v. Oil Recovery Co., 148 F.3d 1300, 1301 (11th Cir. 1998).

## II.   DISCUSSION

### A.   Separation of Powers Under Klein

We review briefly the now-familiar facts of Klein. Klein, the administrator of the estate of Confederate sympathizer, V. F. Wilson, filed a petition pursuant to the Abandoned and Captured Property Act of 1863 to secure the proceeds of cotton that had been abandoned to federal treasury agents. To obtain reimbursement, petitioners were required to prove loyalty during the war. Wilson had taken an

---

[2]The appellants have also argued here that section 3626(b)(2) of the PLRA violates the Due Process Clause and Equal Protection dimension of the Fifth Amendment. As appellants noted, however, we rejected those challenges in Dougan and we decline to revisit them here.

oath in 1864 pursuant to President Lincoln's proclamation granting full pardon to those who took an oath of allegiance to the United States. Prior Supreme Court precedent held that those who took such an oath satisfied the loyalty provision of the 1863 act. In 1870, while Klein's case was pending, however, Congress passed legislation stating that a presidential pardon was proof of disloyalty and directing the dismissal for lack of jurisdiction any pending recovery action brought on behalf of a pardon recipient. The Supreme Court invalidated the statute, holding that Congress violates the separation of powers doctrine when a statute "prescribes a rule for the decision of a cause in a particular way." See Klein, 80 U.S. at 146.

In striking down the statute, the Klein Court distinguished the case of Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 421 (1855). In Wheeling Bridge, Congress passed an act that legalized the structure of a bridge that the Supreme Court decreed in an earlier lawsuit to be a nuisance. When the Court was asked to enforce its prior nuisance decree, it held that the bridge had ceased to be a nuisance as defined by the legislation of Congress. As the Court later explained, "[n]o arbitrary rule of decision was prescribed in [Wheeling], but the court was left to apply its ordinary rules to the new circumstances created by the act." See Klein, 80 U.S. at 146-47. The statute in Klein, on the other hand,

5

created "no new circumstances" and this "inadvertently passed the limit which separates the legislative from the judicial power." Id. at 147.

More recently, in Robertson v. Seattle Audubon Society, 503 U.S. 429, 112 S. Ct. 1407, 118 L.Ed.2d 73 (1992), the Supreme Court declined to decide whether an act of Congress was unconstitutional under Klein because the act merely amended underlying law and did not prescribe a rule of decision. See 503 U.S. at 441, 112 S. Ct. at 1414. Recalling its holding in Wheeling Bridge, the Court held that the challenged legislation "replaced the legal standards" in an environmental statute "without directing particular applications under either the old or new standards." Id. at 437, 112 S. Ct. at 1413. The Court noted that the legislation "expressly provided for judicial determination of the lawfulness" of activity under the statute and that the legislation did not instruct the courts whether any particular activity would violate the legislation. Id. at 438-39, 112 S. Ct. at 1413 (emphasis in original). See also Henderson v. Scientific-Atlanta, Inc., 971 F.2d 1567, 1573 (11th Cir. 1992) (applying Seattle Audubon and finding the challenged legislation did "not require courts to make any particular findings of fact or applications of law to fact. Any effect on pending cases is solely a result of a change in the underlying law.").

Finally, in Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 115 S. Ct. 1447, 131 L.Ed.2d 328 (1995), the Court once again attempted to clarify the meaning of Klein. "Whatever the precise scope of Klein, . . . later decisions have made clear that its prohibition does not take hold when Congress 'amend[s] applicable law.'" 514 U.S. at 218, 115 S. Ct. 1452 (quoting Seattle Audubon, 503 U.S. at 441).

These cases illustrate that the separation of powers doctrine is not a model of clarity. The Supreme Court, however, has articulated certain boundaries. The legislation considered in Wheeling Bridge is permissible, that in Klein is not. We conclude that the PLRA more closely resembles the legislation involved in Wheeling Bridge because it amends the applicable law. Here, Congress has enacted new standards, but has left to the courts the judicial functions of applying those standards.[3] See Seattle Audubon, 503 U.S. at 437, 112 S. Ct. at 1413. If the court finds that the consent order in question has been narrowly drafted, extends no further than necessary, and is the least intrusive means necessary to correct the

---

[3]The appellants argue that this defense of the PLRA is inapplicable because the PLRA purports to amend underlying constitutional law and Congress does not have "the power to determine what constitutes a constitutional violation." City of Boerne v. Flores, 521 U.S. 507, 117 S. Ct. 2157, 2164, 138 L.Ed.2d 624 (1997). The applicable law, however, is not constitutional in nature. The PLRA addresses the authority of the district court to grant relief greater than that required by federal law, but does not determine what conduct constitutes a violation of the Eighth Amendment. See Plyler v. Moore, 100 F.3d 365, 372 (4th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 2460, 138 L.Ed.2d 217 (1997).

violation, then the order will not terminate.[4]  Section 3626(b)(2) of the PLRA thus "provides only the standard to which district courts must adhere, not the result they must reach," Plyler v. Moore, 100 F.3d 365, 372 (4th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 2460, 138 L.Ed.2d 217 (1997), and does not violate the separation of powers principles set out in Klein.  We note that other circuits have reached the same conclusion.  See Hadix v. Johnson, 133 F.3d 940, 943 (6th Cir.), cert. denied, ___ U.S. ___, 118 S. Ct. 2368, 141 L.Ed.2d 737 (1998) (the "interpretation and application of law to fact and the ultimate resolution of prison condition cases remain at all times with the judiciary"); Inmates of Suffolk County Jail v. Rouse, 129 F.3d 649, 658 (1st Cir. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 2366, 141 L.Ed.2d 735 (1998) (the PLRA "does not tamper with the courts' decisional rules – that is, courts remain free to interpret and apply the law to the facts as they discern them.  Because the PLRA leaves the courts' adjudicatory processes intact, it does not transgress the Klein doctrine."); Gavin v. Branstad, 122 F.3d 1081, 1089 (8th Cir. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 2374, 141

---

[4]The appellants further argue that the statute at question in Klein was also rejected because it guaranteed that the government would win every case.  See United States v. Sioux Nation of Indians, 448 U.S. 371, 404, 100 S. Ct. 2716, 2735, 65 L.Ed.2d 844 (1980).  Here, there is no prescribed answer for all motions to terminate that come before the court.  If the district court finds that the consent decree meets the requirements of the PLRA, the decree may not be terminated.  See 18 U.S.C. § 3626(b)(3).

L.Ed.2d 741 (1998) ("Congress has left the judicial functions of interpreting the law and applying the law to the facts entirely in the hands of the courts. The PLRA leaves the judging to judges, and therefore it does not violate the Klein doctrine."); Plyler, 100 F.3d at 372 (Section 3626(b)(2) "provides only the standard to which district courts must adhere, not the result they must reach"). We thus join Hadix, Inmates of Suffolk County Jail, Gavin, and Plyler, in upholding the constitutionality of the PLRA on this ground.[5]

## B. Separation of Powers Under Article III

The appellants next allege that the PLRA strips courts of their power and duty, enunciated in Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177 (1803), to enforce effective remedies in constitutional litigation. The PLRA, they argue, does not simply regulate procedure in federal courts, but rather regulates the judicial enforcement of the Constitution generally – a power not granted to Congress. The

---

[5]In Benjamin v. Jacobson, 124 F.3d 162 (2d Cir. 1997), the Second Circuit upheld the constitutionality of the PLRA against a separation of powers challenge. We have previously expressed disagreement with the rationale articulated by the Benjamin court. See Dougan, 129 F.3d at 1426 n.4. On December 23, 1997, the Second Circuit granted rehearing en banc in Benjamin, and oral argument was held on February 25, 1998.

We also note that in Taylor v. United States, 143 F.3d 1178 (9th Cir. 1998) a panel of the Ninth Circuit held the PLRA unconstitutional as a violation of the separation of powers doctrine. On November 3, 1998, the Ninth Circuit vacated the panel opinion and will hear the case en banc. See Taylor v. United States, 158 F.3d 1059 (9th Cir. 1998).

purpose of the PLRA, appellants contend, is to place undue burdens upon the litigation of prison conditions in order to make such litigation impractical.

The PLRA does not deprive courts of their authority to decide constitutional challenges to prison conditions. The PLRA requires only that the relief be "narrowly drawn," go "no further than necessary to correct the violation of the Federal right," and "be the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §§ 3626(a)(1)(A), (b)(2), (b)(3). Tailoring remedies to address the constitutional wrong is not an unusual practice. Congress has the authority to require a court in equity to make certain findings before issuing injunctive relief, see Gavin, 122 F.3d at 1087, and has previously legislated restrictions on the manner in which courts may grant prospective relief. See Missouri v. Jenkins, 515 U.S. 70, 88, 115 S. Ct. 2038, 2049, 132 L.Ed.2d 63 (1995) ("the nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation") (citation and internal quotation marks omitted); Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 16, 91 S. Ct. 1267, 1276, 28 L.Ed.2d 554 (1971) (same). Here, Congress has stated that the relief may not be broader than that which is necessary to protect the federal right.

Importantly, the court may not terminate an existing decree if it finds that the decree satisfies the conditions set forth in section 3626(b)(3) at the time of the

motion to terminate. See Dougan, 129 F.3d at 1425. The district court, therefore, still has the ability to remedy constitutional violations. See Tyler v. Murphy, 135 F.3d 594, 597 (8th Cir. 1997) ("Section 3626(b)(3) expressly permits the district court to continue appropriately tailored prospective relief that the court finds necessary to remedy a current violation of federal rights. Thus, the statute preserves a court's ability to remedy constitutional violations."); Thompson v. Gomez, 993 F. Supp. 749, 763 (N.D. Cal. 1997) ("PLRA does not substantively limit the power of courts to remedy constitutional violations."). Accordingly, we hold that the PLRA does not deprive courts of their authority to enforce effective remedies in constitutional litigation.

## III.   CONCLUSION

In sum, we hold that the PLRA does not abrogate the separation of powers doctrine because Congress has not prescribed a rule of decision. We further hold that the PLRA does not strip courts of their power to decide constitutional challenges to prison conditions. We, therefore, AFFIRM the decision of the district court upholding the constitutionality of section 3626(b) of the PLRA.