**Richard V. KELLY, Plaintiff–Appellant,**

v.

**DUN & BRADSTREET, INC., Defendant–Appellee.**

No. 15–11888
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 2016.

Edward Daniel Buckley, Brian J. Sutherland, The Buckley Law Firm, LLC, Atlanta, GA, for Plaintiff–Appellant.

Halima Horton, Nancy Jeanne Fonti, Curtis Mack, McGuirewoods, LLP, Atlanta, GA, for Defendant–Appellee.

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This employment discrimination case is before us for the third time. In *Kelly v. Dun & Bradstreet Corp.*, 457 Fed.Appx 804, 806 (11th Cir.2011), we remanded the case so that the "the district court [could] determine which of Kelly's allegations relate to or grow out of the allegations in the 2003 (EEOC) questionnaire and charge and whether any of the timely claims have merit." In *Kelly v. Dun & Bradstreet Inc.*, 557 Fed.Appx 896, 900–901 (11th Cir. 2014), we affirmed the District Court's grant of summary judgment with the exception of Kelly's retaliatory hostile-work environment claim.[1] As for that claim, the record was insufficient to permit meaningful appellate review, so we remanded that claim for further consideration. The District Court has now disposed of it, granting Dun & Bradstreet summary judgment.

Kelly appeals the judgment, arguing that the District Court erred in applying the law-of-the-case doctrine to conclude that he had not engaged in protected speech and in failing to consider the totality of the circumstances showing a hostile work environment. He also argues that the court's grant of summary judgment infringed his Seventh Amendment right to a jury trial. We affirm.

I.

We review the district court's grant of summary judgment *de novo. Moton v. Cowart,* 631 F.3d 1337, 1341 (11th Cir. 2011). A party may not create an issue of material fact with an affidavit that contradicts his own previous, unambiguous testimony. *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.,* 736 F.2d 656, 657 (11th Cir.1984). A district court may properly grant summary judgment despite conflicts between a party's deposition testimony and later-filed affidavit. *Id.* at 658.

In *Gowski v. Peake,* 682 F.3d 1299 (11th Cir.2012), we recognized a retaliatory hostile-work-environment claim. 682 F.3d at 1312. To establish that claim, a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he has been subject to unwelcome harassment; (3) the harassment was based on his engaging in the protected activity; and (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment. *See id.* at 1311. Complaints of unfair treatment, absent evidence of race-, sex-, or national-origin-based discriminatory animus do not constitute pro-

---

1. Kelly brought that claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2(a), 2000e–3(a), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1), (d).

tected activity for Title VII retaliation. *See Coutu v. Martin Cty. Bd. Of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995).

Regarding the fourth element of claim, the work environment must be both subjectively perceived by a plaintiff as hostile, and objectively perceived by a reasonable person as such. *Gowski*, 682 F.3d at 1312. To evaluate the objective severity of an allegedly retaliatory hostile work environment, we consider the totality of the circumstances, including whether the conduct was frequent, severe, physically threatening, humiliating, merely an offensive utterance, and whether it unreasonably interfered with the employee's job performance. *Id.* We determine whether the environment at issue is abusive or hostile by considering the totality of the circumstances. *Id.* Discrete acts alone cannot form the basis of a retaliatory hostile-work-environment claim, although they may be considered as part of the claim. *Id.* at 1312–13.

Under the law-of-the-case doctrine, the district court and this court are bound by findings of fact and conclusions of law made by this court in an earlier appeal of the same case. *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 891 (11th Cir.2011). The law-of-the-case doctrine applies both to issues that were decided explicitly and by necessary implication in the earlier appeal. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1288 (11th Cir.2010). The law-of-the-case doctrine applies unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) a prior decision was clearly erroneous and would work manifest injustice. *This That & The Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283–84 (11th Cir.2006).

Based on this court's our adoption in the previous appeal of the magistrate judge's determination that Kelly did not complain of discrimination before May 2003 and its analysis of Kelly's disparate-treatment claims, the district court properly applied the law-of-the-case doctrine to determine that Kelly did not engage in protected activity. Absent protected activity, he could not form the basis for a retaliatory hostile-work-environment claim. The district court did not err in disregarding Kelly's unsworn declarations, as they were inconsistent with our opinion in the previous appeal and his prior, unambiguous deposition testimony. Because Kelly could not show that he engaged in protected activity, Kelly's arguments regarding the other elements of his retaliatory hostile-work-environment claim, including whether the totality of the circumstances showed a hostile work environment, are irrelevant.

## II.

We review questions of constitutional law *de novo*. *Nichols v. Hopper*, 173 F.3d 820, 822 (11th Cir.1999). The Seventh Amendment states that, for suits at common law with an amount in controversy exceeding 20 dollars, there is a right to trial by jury. U.S. Const. amend. VII. Where the material facts underlying a claim cannot reasonably be disputed, a district court shall grant summary judgment. Fed.R.Civ.P. 56(a). Thus, when the relevant facts are obvious and indisputable from the record, and the only remaining disputes are legal questions, the court is competent to decide those issues. *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir.2004). In that case, the denial of a jury trial does not create a Seventh Amendment problem.

AFFIRMED.